**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND 20770
TEL:  (301) 344-0600
FAX:  (301) 344-0019

JAMES WYDA
FEDERAL PUBLIC DEFENDER

DOUGLAS MILLER & MEGHAN MICHAEL
ASSISTANT FEDERAL PUBLIC DEFENDERS

December 14, 2019

The Honorable Paula Xinis
United States District Court
for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

Re:  *United States v. Kenneth Patrick Gaughan,* Crim. No. PX-18-cr-492

Dear Judge Xinis:

Mr. Kenneth Gaughan, through undersigned counsel, hereby supplements his oral motion for judgment of acquittal based on insufficient evidence of proper venue.  Mr. Gaughan is charged in a three-count indictment with mail fraud in violation of 18 U.S.C. § 1341.  These counts allege that Mr. Gaughan, an employee of the Archdiocese of Washington (ADW), caused three separate checks to be delivered by mail and by private interstate carrier for the purpose of executing a scheme to defraud.  However, the government has offered no evidence that any of the three letters were "caused to be delivered" in the District of Maryland, and hence has failed to establish by a preponderance of the evidence that venue is proper.  Nor can it establish venue, Constitutionally or factually, based on an uncharged alternative mail fraud actus reus.

## I.  The Constitution Requires a Narrow Reading of § 1341 Limited to the Act Charged.

The Constitution requires that all criminal trials "shall be held in the State where the said Crimes shall have been committed."  U.S. Const. art. III, § 2, cl. 3.  Likewise, the Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . trial, by an impartial jury of the State and district wherein the crime shall have been committed."  U.S. Const. amend VI.[1]

Importantly, the Supreme Court has cautioned that the question of venue in a criminal case is not just a matter "of formal legal procedure"; rather, it raises "deep issues of public policy in the light of which legislation must be construed."  *United States v. Johnson*, 323 U.S. 273, 276 (1944).  The Court has also observed that "[t]he provision for trial in the vicinity of the crime is a safeguard against the unfairness and hardship involved when an accused is prosecuted in a remote place.  Provided its language permits, the Act in question should be given that construction which will respect such considerations."  *United States v. Cores*, 356 U.S. 405, 407 (1958); *see also Travis v. United States*, 364 U.S. 631, 634 (1961) ("[V]enue provisions in Acts

---

[1] *See also* Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.").

1

of Congress should not be so freely construed as to give the Government the choice of a 'tribunal favorable' to it." (citation omitted)).

Adhering to these principles, the Supreme Court has warned that a statute should be construed narrowly on venue "when Congress has so carefully indicated the locus of the crime." *Travis*, 364 U.S. at 636–37. "[T]he 'locus delicti [of the charged offense] must be determined from the nature of the crime alleged and the location of the act or acts constituting it.'" *United States v. Brennan*, 183 F.3d 139, 144–45 (2d Cir. 1999) (quoting *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999)). "In so doing, we look at the key verbs which define the criminal offense in the statute." *Id.* at 145 (citation omitted).

As the Fourth Circuit held in *United States v. Jefferson*, it is the defendant's act pertaining to mailing that is the *actus reus* punishable in a mail fraud prosecution. 674 F.3d 332, 367 (4th Cir. 2012); *see also Badders v. United States*, 240 U.S. 391, 394 (1916) (recognizing that "there is no doubt that the law may make each putting of a letter into the post office a separate offense"); *United States v. Ramirez*, 420 F.3d 134, 144–145 (2d Cir. 2005) (finding that the essential *actus reus* of mail fraud "encompasses the overt *act* of putting a letter into the post office" (citation omitted)). "[A] conduct element is one of action, such as the act of putting a letter in the mailbox[.]" *Jefferson*, 674 F.3d at 367.

Section 1341 therefore has a very specific and narrow locus. Focusing on the verbs in the statute, the Second Circuit held in *Brennan* that venue would only be proper in a district if the defendant "(1) 'place[d]' (or caused to be placed) in an authorized depository [in the district] mail underlying the indictment (2) took or 'receive[d]' such mail [in the district], or (3) knowingly 'cause[d]' such mail 'to be delivered' [in the district]." *Brennan,* 183 F.3d at 144–45.

However, no language in § 1341 criminalizes the passing of mail through a district en route to its destination. As a result, the Second Circuit held that under the mail fraud statute, venue must be excluded in those districts. *Id.* at 148–49. This Court should find the same.

## II.  18 U.S.C. § 3237(a) Does Not Apply to the Mail Fraud Statute, § 1341.

18 U.S.C. § 3237(a) does not call for a different outcome. Section 3237(a), in relevant part, provides that, for offenses prohibiting "the use of the mails," venues lies in any district "through" which mail matters moves. However, this statute is not applicable here. The mail fraud statute (§ 1341) does not "proscribe conduct involving the 'use of the mails' *within the meaning of § 3237(a).*" *Id.* at 146.

As explained by the Second Circuit, "§ 3237(a) is best read as not applying to statutes, like the mail fraud statute, that specify that a crime is committed by the particular acts of depositing or receiving mail, or causing it to be delivered, rather than by the more general and ongoing act of 'us[ing] the mails.'" *Id.* at 147. The Court reasoned that "[r]ather than make a defendant [who allegedly committed mail fraud] subject to prosecution in any district . . . over which an airplane carrying the mail happened to fly, or in which it happened to make an interim stop, we think Congress's more particularized and careful phrasing in the mail fraud statute takes it outside the scope of § 3237(a) and is best read less expansively." *Id.*

The Second Circuit came to this conclusion after carefully reviewing the purpose and history of § 3237(a). The Court noted that the relevant portion of § 3237(a) was passed by Congress in response to the Supreme Court's decision in *Johnson*. *Id.* at 146. In *Johnson*, the Court held that the although Congress was empowered to create expressly a "continuing offense," it had not done so with the National Denture Act, which prohibited the "use the mails . . . for the purpose of sending or bringing into" any state or territory illicit dentures. *Johnson*,

323 U.S. at 275.  Venue was therefore solely confined to the district in which either the dentures were sent or imported, but not any other district through which the dentures passed.  *Id.* at 276.

In response to *Johnson*, Congress passed § 3237(a).  *Brennan*, 183 F.3d at 147.  "In doing so, Congress did what *Johnson* indicated it could: it expressly determined that offenses involving 'the use of mails' were 'continuing offenses.'"  *Id.* at 147.  Consistent with this legislation, "[t]here are today many such statutes that expressly prohibit 'use of the mails' in connection with various activities or for various purposes."  *Id.* at 147 (citing collection of statutes).  Because Congress has now made explicit in § 3237(a) that these offenses are continuing, venue for these crimes lies in any district through which the mail passes.

The Tenth Circuit's decision in *United States v. Ross*, 205 F.2d 619 (10th Cir. 1953) explains the distinction between statutes that prohibit "use of mails" and statutes that prohibit specific mailing acts.  *Ross* involved a prosecution under the then-current version of 18 U.S.C. § 1461, which punished anyone who "knowingly deposits for mailing or delivery, anything declared by this section to be nonmailable."  205 F.2d at 620.  The Tenth Circuit held that § 3237(a) was not applicable to the offense of "knowingly depositing for mailing or delivery" because the offense was not a "continuing offense" that prohibited the "use of mails."  *Id.* at 621.  The court explained:

> there is a clear distinction between a deposit for mailing or delivery and the use of the mails.  The use of mails continues from the point of deposit to the point of delivery.  Crimes involving the use of mails are therefore continuing crimes, but the unlawful act defined in § 1461 is the deposit for mailing and not a use of the mails which may follow such deposit.  That act is complete when the deposit is made and is not a continuing act.  It does not involve a use of the mails.

*Id.*

But after the Tenth Circuit's ruling, Congress altered § 1461 to prohibit "us[ing]" the mails.  *See* 18 U.S.C. § 1461 (prohibiting "us[ing] the mails for the mailing, carriage in the mails, or delivery of anything declared by this section . . . to be nonmailable").  In so doing, Congress made that statute a continuing offense under § 3237(a) so that venue would lie in any district through which the mail moves.  *Brennan*, 183 F.3d at 148.

 In stark contrast, Congress has made no such change to the mail fraud statute.  This is strong evidence that Congress did not intend for the mail fraud statute to be a continuing offense.  Instead, § 1341 only permits prosecution in districts "in which a proscribed act occurs, i.e., in which the defendant 'places,' 'deposits,' 'causes to be deposited,' 'takes,' or 'receives' mail or 'knowingly causes' mail 'to be delivered.'"  *Brennan*, 183 F.3d at 148.  Therefore, under § 1341, no venue exists in districts through which mailings pass en route to their destination.  *Id.* at 148; *cf. United States v. Morgan,* 393 F.3d 192, 198–200 (D.C. Cir. 2004) (adopting holding of *Brennan* and *Ross* and heavily relying on their reasoning to conclude that venue was not proper in a case involving receiving stolen property in violation of 18 U.S.C. § 641).[2]

---

[2] In *United States v. Sorce*, the Fourth Circuit considered whether venue was proper in the District of Maryland when the defendant caused mail to be delivered in Maryland, and cited § 3237(a).  308 F.2d 299, 300–301 (4th Cir. 1962).  But the Fourth Circuit was not considering the question at issue here—whether mail fraud is a continuing offense such that jurisdiction lies in any pass-through state—and it does not appear that the defendant disputed that § 3237(a) applied.  As the Fourth Circuit "and the Supreme Court have repeatedly recognized, such a

The Department of Justice's own statement of policy concedes the same, stating that: "Section 1341 . . . has its own 'built-in' venue provisions.  The locus of the offense under section 1341 has been carefully specified; and only the acts of 'placing,' 'taking' and 'causing to be delivered' at a specified place have been penalized.  Venue should therefore be placed according to the specific prohibitions of section 1341, irrespective of section 3237(a)."  Dep't of Justice, Criminal Resource Manual § 966.[3]  *See also United States v. Turley,* 891 F.2d 57, 60 n.2 (3d Cir. 1989) ("The government concedes that 18 U.S.C. § 3237 . . . is not applicable to mail fraud [and] acknowledges that cases applying the general venue statute were wrongly decided.").

Moreover, to the extent that the mail fraud statute is ambiguous as to where venue lies, the Supreme Court's "constitutional and policy concerns" call for a "restrained view of venue" which counsels against reading the statute expansively as a continuing offense.  *See Brennan*, 183 F.3d at 147; *see also Johnson*, 323 U.S. at 276 ("If an enactment of Congress equally permits the underlying spirit of constitutional concern for trial in the vicinage to be respected rather than to be disrespected, construction should go in the direction of constitutional policy even though not commanded by it.").

Fifth and Sixth Circuit dicta suggesting that the mail fraud statute is a continuing offense governed by 18 U.S.C. § 3237(a) does not undermine *Brennan*'s careful reasoning.  The Fifth and Sixth Circuit's conclusions reflect little to no analysis, in cases where the central question was wholly unrelated to whether venue lies in a district through which the mail passes.  *See, e.g., United States v. Wood,* 364 F.3d 704, 709–10 (6th Cir. 2004) (considering whether proper venue existed in the district in which the scheme to defraud was devised); *United States v. Loe,* 248 F.3d 449, 465 (5th Cir. 2001) (stating, without explanation, that mail fraud was a continuing offense and concluding evidence supported a finding that documents were mailed from district); *see also United States v. Nall*, 146 Fed. App'x 462 (11th Cir. 2005) (unpublished) (concluding, without analysis, that venue was proper in any district mail passed through).

Nor does the parallel treatment of wire and mail fraud in certain circumstances disturb *Brennan*'s conclusion.  Courts have consistently applied the same analysis to wire and mail fraud when considering *mens rea* and other parallel clauses because "[t]he mail and wire fraud statues share the same language *in relevant part*."  *Carpenter v. United States*, 484 U.S. 19, 25 n.6 (1987) (emphasis added) (considering whether activities constituted a "scheme to defraud" to obtain "money or property" under both § 1341 and 18 U.S.C. § 1343, the wire fraud statute); *see also Jefferson*, 64 F.3d at 366 (applying same *mens rea* analysis to wire and mail fraud); *United States v. Pasquantino*, 336 F.3d 321, 332 n.5 (4th Cir. 2003) (considering both mail and wire fraud's definition of "property" because they "share the same language in relevant part").

But while mail fraud and wire fraud do share some common language, the essential *conduct* element of each statute differs.  The *actus reus* of wire fraud is defined as "transmits or causes to be transmitted."  18 U.S.C. § 1343.  The verb itself indicates that the act is "not unitary but instead span[s] space and time."  *United States v. Pace*, 314 F.3d 344, 350 (9th Cir. 2002) (discussing the application of § 3237(a) to wire fraud); *see also* Black's Law Dictionary (11th ed. 2019) (defining "transmit" as "[t]o send or transfer (a thing) from one person or place to another").  The transmittal occurs "both where it was sent and where it was received," and hence

---

'passing observation' on an issue neither briefed nor disputed does not constitute a holding." *United States v. Norman*, 935 F.3d 232, 240 (4th Cir. 2019).

[3] https://www.justice.gov/jm/criminal-resource-manual-966-venue-mail-fraud.

application of § 3237(a) to the wire fraud statute is appropriate. *United States v. Ebersole*, 411 F.3d 517, 527 (4th Cir. 2005) (citation omitted).

Conversely, the acts prohibited by the mail fraud statute are point-in-time offenses. "Plac[ing]," "deposit[ing]," and "deliver[ing]" are discrete actions that can only be committed in one location. *See Brennan*, 183 F.3d at 147. Hence, unlike in the wire fraud statute, the locus of the offense under § 1341 has been explicitly specified. *See* Dep't of Justice, Criminal Resource Manual § 967 ("Unlike the mail fraud statute, the fraud by wire statue makes no reference to the venue of the offense.").[4] Section 3237(a) does not apply to § 1341.

### III. The Government May Not Constitutionally, and Cannot Factually, Establish Venue Based on Uncharged Alternative Mail Fraud Actus Rei.

The indictment charges only that Mr. Gaughan "caused to be delivered" mail matter within the District of Maryland. The government has submitted no evidence that any of the three checks at issue were delivered in Maryland, and hence it cannot establish venue by a preponderance of the evidence.

Nor may the government establish venue based on other, uncharged, purported mail fraud actus rei such as "plac[ing]" mail within, or mail passing through, this District. As the Fourth Circuit explained in *United States v. Randall,* 171 F.3d 195 (4th Cir. 1999):

> When the government, through its presentation of evidence and/or its argument, or the district court, through its instructions to the jury, or both, broadens the bases for conviction beyond those charged in the indictment, a constructive amendment— sometimes referred to as a fatal variance—occurs. A constructive amendment is a fatal variance because the indictment is altered "to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." Thus, a constructive amendment violates the Fifth Amendment right to be indicted by a grand jury, [and] is error *per se . . . .*

*Id.* at 203 (citations omitted) (distinguishing from "mere variance" in which evidence presented at trial differs from that recited in the indictment but the charged crime is not altered).

Here, because venue is "a constitutionally-imposed element of every crime," *United States v. Strain*, 407 F.3d 379, 380 (5th Cir. 2005), the government's proof of venue through an actus reus not charged in the indictment would constructively amend the indictment in violation of Mr. Gaughan's Fifth Amendment rights. The Court should therefore not entertain purported proofs of venue through uncharged actus rei.

Moreover, even assuming *arguendo* that the government could rely on an uncharged actus reus, it could not factually establish that one occurred in Maryland. The jury could find based on the government's evidence that (1) ADW employees internally gather and meter mail in their Hyattsville mailroom, and (2) that USPS processes that mail in Gaithersburg after an ADW employee mails it in Washington, D.C. Neither constitute "placing" mail under § 1341.

First, the ADW mail room is plainly not a "post office," so a "plac[ing]" could occur there only if it were an "authorized depository for mail matter."[5] This term is not defined in the

---

[4] https://www.justice.gov/jm/criminal-resource-manual-967-venue-wire-fraud.

[5] Evidence that the check envelopes were run though ADW's Pitney Bowes postage meter by an ADW employee in the mailroom is of no moment, since the "places" actus reus solely requires the placing of mail matter in a post office or authorized depository, and does not involve imprinting postage or other information.

statute, but USPS has by regulation defined "authorized depository" for other offenses within Title 18 as "every letterbox or other receptacle intended or used for the receipt or delivery of mail *on any city delivery route, rural delivery route, highway contract route, or other mail route*." Domestic Mail Manual § 508.3.1.1 (emphasis added).[6] The regulation suggests that USPS intends for an "authorized depository" to mean a "receptacle" *on a mail route*—that is, a receptacle into or from which USPS employees or contractors deposit and/or collect mail. The record evidence is clear that USPS letter carriers do not collect mail from ADW's mailroom; hence, the ADW mailroom is not an "authorized depository" for purposes of "plac[ing]" mail.[7] Moreover, a finding that the ADW mailroom was an "*authorized* depository" based on the fact that mail was *internally* "deposited" there would render the word "authorized" meaningless.

Likewise, the USPS's processing or sorting of mail at its Gaithersburg, Maryland facility cannot constitute a "plac[ing]" of mail. The plain language of § 1341 indicates that a "placing" occurs when mail is "plac[ed] in any post office." Any "plac[ing]" would therefore be complete at the moment the checks were deposited in the Brookland post office; their subsequent processing at a different facility is of no moment.

## IV. Effect on Reprosecution

The government requested the Court's permission to brief the issue of whether a judgment of acquittal for the government's failure to establish venue would bar reprosecution under the Double Jeopardy Clause. We note that there appears to be a circuit split on this issue. *Compare United States v. Stain*, 407 F.3d 379, 380 (5th Cir. 2005) and *United States v. Greene*, 995 F.2d 793, 802 (8th Cir. 1993) *with United States v. Petlechkov*, 922 F.3d 762 (6th Cir. 2019); *United States v. Lozoya,* 920 F.3d 1231, 1241–42 (9th Cir. 2019); *Haney v. Burgess*, 799 F.2d 661, 663–64 (11th Cir. 1986); *Wilkett v. United States*, 655 F.2d 1007, 1011–12 (10th Cir. 1981).

While we respectfully suggest that the Fifth and Eighth Circuits' approach is the better view given that, as described in Part I, venue is a constitutionally-imposed element of every crime, we note that this issue would ultimately be decided by another court in a district where the government attemptted to re-indict Mr. Gaughan. Furthermore, the issue has no connection to the merits of Mr. Gaughan's MJOA, and should not influence this Court's decision.

Sincerely,

/s/
Douglas R. Miller & Meghan G. Michael
Assistant Federal Public Defenders

cc: All counsel of record

---

[6] Available at https://pe.usps.com/text/dmm300/508.htm#3_0. *See* 39 U.S.C. § 401(2); 39 CFR § 211.2(a)(2). The Title 18 offenses are §§ 1702 (obstruction of correspondence), 1705 (destruction of letter boxes or mail), 1708 (theft or receipt of stolen mail matter), and 1725 (postage unpaid on deposited mail matter). While mail fraud is not one of the offenses listed in the regulation, general principles of statutory construction counsel in favor of giving terms the same meaning in related statutes.