

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

December 14, 2019

Re:   *United States v. Kenneth Patrick Gaughan*
      Criminal No. PX-18-492

Dear Judge Xinis:

The government opposes Kenneth Gaughan's Rule 29 motion on the issue of venue. For the following reasons, the government presented sufficient evidence to prove venue.[1] If the Court finds that this district lacks venue, the Court should dismiss the charges without prejudice.

### I.   BACKGROUND

During the timeframe of Gaughan's mail fraud scheme, the administrative office for the Archdiocese of Washington ("ADW") was in Hyattsville, Maryland, where it remains to this day. ADW Controller Jennifer Case testified that the finance department prints its checks in the Hyattsville office and sends those checks to the mailroom, which is also located in the Hyattsville office. Philip Duck—who was ADW's assistant facilities manager and has been in charge of ADW's mailroom for approximately 10 years—testified that once the checks arrive in the mailroom, an ADW employee runs the envelopes containing the checks through a metering machine. United States Postal Service ("USPS") representative Michael Butler, who is the Homeland Security Coordinator for the agency and has worked for USPS for approximately 25 years in various capacities, testified that a metering machine places a postal validation imprint and postmark on the envelope.

Duck testified that once the parcels are metered, an ADW employee takes the parcels from the Hyattsville mailroom to the Brookland Post Office in the District of Columbia. Butler testified that since 2001, no mail has been processed in the Brookland Post Office. Instead, USPS takes all mail from the Brookland Post Office to a processing facility in Gaithersburg, Maryland, where the parcels are deposited, processed, sorted, and shipped to their final destinations.

### II.   ARGUMENT

#### A.   Venue lies in the District of Maryland

The second paragraph of 18 U.S.C. § 3237(a) provides that any "offense involving the use of the mails . . . is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be . . . prosecuted in any district from, through, or into which such . . . mail matter . . . moves." The Fourth Circuit has already held that this provision applies to mail fraud.

In *United States v. Sorce*, 308 F.2d 299, 300 (4th Cir. 1962), the defendant appealed from his conviction for mail fraud, arguing that that the District of Maryland was not the proper venue.

---

[1] While the legal standard for venue over the pending mail fraud charges is disputed, the government believes that the facts relevant to venue are not.

Applying the second paragraph of § 3237(a) to the mail fraud charge, the Fourth Circuit affirmed. *Id.* at 301. Because the mail was sent into Maryland, the court found "no doubt that the requirements of the statute for establishing venue in that district were met." *Id.* (citing 18 U.S.C. § 3237(a)); *United States v. Donato*, 866 F. Supp. 288, 292 (W.D. Va. 1994) ("The second paragraph of [§ 3237(a)] defines any offense involving the mails as a continuing offense that may be inquired of and prosecuted in any district from, through, or into which such mail matter moves. This circuit has held that mail fraud is a continuing offense under this section." (citations, quotations, and alterations omitted)). The evidence at trial proved that the checks were placed into envelopes in Maryland, metered in Maryland, validated in Maryland, postmarked in Maryland, processed in Maryland, sorted in Maryland, and shipped from Maryland to Gaughan's fraudulent companies. Under binding Fourth Circuit precedent, venue lies in Maryland.[2]

The Fourth Circuit's decision in *United States v. Jefferson*, 674 F.3d 332 (4th Cir. 2012) did not overrule *Sorce* or even address whether mail fraud is a continuing offense under § 3237(a).[3] Instead, *Jefferson* held only that the "scheme to defraud is . . . not an essential conduct element, of wire (or mail) fraud," so the location of the scheme could not provide a basis for venue. 674 F.3d at 366. Although *Jefferson* involved only a wire fraud charge, the court expressly extended its venue analysis to both wire and mail fraud. *Id*. Thus, the court found that the essential conduct element of wire fraud "is the misuse of wires as well as any acts that cause such misuse," and similarly that the essential conduct element for mail fraud "is the misuse of the mails." *Id.* (internal quotations and citations omitted).

Further, keeping in mind that *Jefferson* treated wire and mail fraud identically, the Fourth Circuit in *Jefferson* and other binding opinions has consistently held that wire fraud is a continuing offense under the first paragraph of § 3237(a). *E.g.*, *Ebersole*, 411 F.3d at 525-27 (holding that as a continuing offense wire fraud may be prosecuted in any district where the offense was begun, continued, or completed); *Jefferson*, 674 F.3d at 369; *United States v. Heijnen*, 149 F. App'x 165, 168 (4th Cir. 2005); *United States v. Zakrzewski*, 462 F. App'x 421, 423 n.1 (4th Cir. 2012).

The majority of other circuits that have considered the issue likewise treat mail fraud as an offense involving the mails under § 3237(a), and therefore find that venue exists whenever the mail moves from, through, or into a district. In *United States v. Wood*, 364 F.3d 704 (6th Cir. 2004), the Sixth Circuit applied the second paragraph of § 3237(a) to mail fraud. Consistent with the Fourth Circuit's decision in *Jefferson*, the Sixth Circuit first held that venue was based on the

---

[2] Department of Justice policy provides that mail fraud venue should not be "based *solely* on the mail matter passing through a jurisdiction." J.M. 9-43.300 (emphasis added). The policy does not apply in this case, where the mail matter was metered, postmarked, deposited in a distribution facility, processed, sorted, and shipped in Maryland, which was also the location of the scheme to defraud, the victim, and the issuance of the checks. Moreover, the Justice Manual does not create rights and does not place limitations on the otherwise lawful litigation prerogatives of the Department of Justice, J.M. 1-1.200, and the government has an obligation to follow binding law.

[3] Nor could *Jefferson* overrule *Sorce*, since one panel "cannot overrule a decision issued by another panel," and in the event of conflicting panel opinions, the earlier opinion controls. *McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004). *Sorce* remains good law and has been favorably cited in the Fourth Circuit as recently as 2011. *United States v. Curtiss*, 407 F. App'x 663, 667 (4th Cir. 2011).

location of the use of the mails. *Id.* at 710-11. The Sixth Circuit then concluded that "mail fraud is an offense involving use of the mails" and a continuing offense under § 3237(a). *Id.* at 713 (quotations omitted). The Sixth Circuit therefore held that under a "plain reading of the text . . . venue in a mail fraud case is limited to districts where the mail is deposited, received, or moves through." *Id.* at 712-13 (citing *United States v. Reitmeyer*, 356 F.3d 1313 (10th Cir. 2004); *United States v. Loe*, 248 F.3d 449, 465 (5th Cir. 2001)); *United States v. Harris*, 2013 WL 1790140, at *8 (E.D. Va. 2013) (citing *Wood* for the proposition that venue "in a mail fraud case is limited to districts where the mail is deposited, received, or moves through, even if the fraud's core was elsewhere").

The Sixth Circuit recently reaffirmed that § 3237(a) is "a specific statutory venue provision" applicable to mail fraud such "that venue in a mail fraud case is limited to districts where the mail is deposited, received, or moves through." *United States v. Petlechkov*, 922 F.3d 762, 769 (6th Cir. 2019). In that case, the court found that the government failed to present sufficient evidence because—while FedEx had a hub in the district—there was no evidence tying the parcels to that hub. *Id.* By contrast, the evidence here established that mail from the Brookland Post Office was deposited into, processed in, sorted in, and shipped from the Gaithersburg facility.

In *United States v. Nall*, the Eleventh Circuit found venue in a mail fraud case under § 3237(a) where the charged mailing moved through the district. 146 F. App'x 462, 466 (11th Cir. 2005) (finding venue established on evidence the mailings were transported through the district in a postal service truck). The court in *Nall* relied on *United States v. Martino*, 648 F.2d 367 (5th Cir. 1981), in which the Fifth Circuit applied § 3237(a) and held that venue "for a mail fraud conviction is proper in any of the districts from, through, or into which the item of mail moved." *Id.* at 400; *United States v. Loe*, 248 F.3d 449, 465 (5th Cir. 2001) ("As a continuing offense, mail fraud may be prosecuted in any district in which such offense was begun, continued, or completed."); *United States v. McGregor*, 503 F.2d 1167, 1170 (8th Cir. 1974) (applying the second paragraph of § 3237(a) in denying motion to transfer mail fraud prosecution); *United States v. Carpenter*, 405 F. Supp. 2d 85, 91 (D. Mass. 2005) ("By statutory definition, mail fraud is such a continuing offense and may be prosecuted in any district from, through, or into which the mailed matter has moved." (internal quotations omitted)). Thus, the Fourth Circuit's decision in *Sorce* is consistent with the Fifth, Sixth, Eighth, and Eleventh Circuits, all of which have applied the second paragraph of § 3237(a) to mail fraud.

By contrast, the Second Circuit held in *United States v. Brennan*, 183 F.3d 139, 146-49 (2d Cir. 1999), that the second paragraph of § 3237(a) did not apply to mail fraud. But *Brennan* is inconsistent with Fourth Circuit precedent in *Sorce*. Moreover, while *Brennan* relies on text in § 1341 to support its holding, this text—as the Sixth Circuit explained in *Wood*—creates the substantive offense, but does not deal specifically with venue. *Wood*, 364 F.3d at 712.[4] And while

---

[4] *Brennan* also appears to be in conflict with the Second Circuit's decision in *United States v. Rutigliano*, in which the Second Circuit relied on the second paragraph of § 3237(a) to find venue over charges of mail fraud, wire fraud, making false statements, and conspiracy to commit mail, wire, and health care fraud. 790 F.3d 389, 395-397 (2d Cir. 2015). In addition, *Brennan* finds support in a Tenth Circuit case addressing a different statute, 183 F.3d at 148 (citing *United States v. Ross*, 205 F.2d 619 (10th Cir. 1953)), but as the Sixth Circuit recognized, the Tenth Circuit categorizes mail fraud as a continuing offense for venue purposes, *Wood*, 364 F.3d at 712 (citing *Reitmeyer*, 356 F.3d 1313).

*Brennan* was concerned with the constitutional dimensions of venue where mail merely transited through a district, in this case the parcels only briefly moved through District of Columbia, while the evidence reflects substantial contacts with the District of Maryland, including the metering, validation, postmarking, depositing into a USPS facility, processing, sorting, and shipping, along with the scheme, Gaughan's conduct, the victim, and the issuance of the checks. Consistent with the Fourth Circuit's decision in *Sorce* and the weight of authority, the Court should hold that venue lies in Maryland.[5]

Further still, even if the Court finds that mail fraud is not subject to § 3237(a)'s second paragraph, the Court should still find that mail fraud is a continuing offense under the first paragraph of § 3237(a). This paragraph states that except "as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). As even the Second Circuit recognized, "*Brennan* did not examine venue under the first paragraph of § 3237(a), and its holding does not impact that paragraph." *United States v. Kim*, 246 F.3d 186, 192 (2d Cir. 2001); *United States v. Ramirez*, 420 F.3d 134, 144 n.8 (2d Cir. 2005).

This approach is consistent with the Fourth Circuit's opinion in *Jefferson*, which applied the same venue analysis to mail and wire fraud. 674 F.3d at 366. As described above, the Fourth Circuit has consistently held that wire fraud is a continuing offense under the first paragraph of § 3237(a). Similarly, in *United States v. Pace*—which the Fourth Circuit expressly followed in *Jefferson*, 674 F.3d at 369—the Ninth Circuit held that because wire fraud is a continuing offense, venue "is established in those locations where the wire transmission at issue originated, passed through, or was received, or from which it was orchestrated." 314 F.3d 344, 349-50 (9th Cir. 2002) (citation and internal quotation marks omitted).

Courts have therefore found that venue exists over a wire fraud charge where the wire transmittal has been routed through a district in transit to its ultimate destination. *E.g.*, *United States v. Goldberg*, 830 F.2d 459, 465 (3d Cir. 1987) (finding venue over wire transfer between New York and Delaware because the wire transfer "passed through the Federal Reserve Bank in Philadelphia"); *United States v. Seko*, 2016 WL 1586557, at *3 (E.D. Va. 2016) (finding venue over emails sent from California or Nevada that "continued through transit via the servers in the Eastern District of Virginia" to end recipients in various states); *United States v. Llamas*, 599 F.3d 381, 385 (4th Cir. 2010) ("Llamas and his coconspirators were prosecuted in the Western District of North Carolina because Western Union, the money-transferring service they used to facilitate the fraud scheme, processed funds through Charlotte."); *United States v. Zakrzewski*, 462 F. App'x 421, 423 n.1 (4th Cir. 2012) (noting that wire fraud is a continuing offense and that Western Union wire transfers were "were electronically routed and processed through Charlotte, North Carolina (within the Western District of North Carolina), before being sent to their final destinations"). Because mail fraud is a continuing offense, venue lies in Maryland.

Finally, under binding precedent and the weight of authority, the government proved Maryland venue, and the language of the indictment does not alter the venue analysis. The

---

[5] To the extent this Court follows *Brennan* and finds that venue is appropriate only if the limited actions identified in *Brennan* occurred in the district, the government concedes that there is insufficient evidence to establish venue.

4

indictment states that ADW was located in Maryland, that "in the District of Maryland and elsewhere" Gaughan devised a scheme to defraud ADW, and that "in the District of Maryland and elsewhere" Gaughan "knowingly caused to be delivered by mail" the checks from ADW specified in the indictment. This is consistent with the evidence at trial, which showed that Gaughan worked at ADW's main office in Hyattsville, where he took certain steps—including submitting fraudulent invoices—to cause the three specified checks to be delivered from ADW's Hyattsville office to Gaughan's companies. Moreover, the indictment provided notice that the charged offenses were continuing offenses by alleging conduct "in the District of Maryland *and elsewhere*."

The indictment does not allege the post office from which the checks were mailed, the districts they moved through, or the locations where they were delivered. But the government could locate no case stating that the indictment needs to allege the government's theory of venue or describe venue with this level of specificity. And to the extent Gaughan now argues the venue allegations were insufficiently specific, the defect (if any) was apparent on the face of the indictment and has been waived. *United States v. Collins*, 372 F.3d 629, 633 (4th Cir. 2004).

Even assuming some difference between the indictment and the proof at trial, that difference would be a mere variance that did not prejudice Gaughan's substantial rights, particularly where the relevant facts are not in serious dispute. *Berger v. United States*, 295 U.S. 78, 81 (1935) (variance only fatal if defendant can show substantial rights were affected). Even if there were a serious dispute over the facts pertaining to venue, several cases appear to hold that a "variance" related to venue cannot be material unless it alters the substantive elements of the offense. *E.g.*, *United States v. Erwin*, 602 F.2d 1183, 1184-85 (5th Cir. 1979) (finding no prejudicial variance where the charge was "sufficient to eliminate any chance of [defendant's] being prosecuted again for the same offense" and venue was appropriate under the applicable law); *United States v. Cabalcante*, 2013 WL 12204495, at *3 (E.D. Tex. 2013) (finding no prejudicial variance where "the evidence presented at trial established that venue was proper in the Eastern District of Texas," and "the government simply charged that the offense occurred 'in the Eastern District of Texas and elsewhere.'"); *cf. United States v. Starr*, 533 F.3d 985, 997 (8th Cir. 2008) ("A constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner . . . that the jury is allowed to convict the defendant of an offense different from or in addition to the offenses charged in the indictment.").[6]

### B. If the Court finds that venue does not lie in the District of Maryland, the Court should dismiss without prejudice

Though the Fourth Circuit has not directly addressed the issue, other federal courts have "repeatedly held that a dismissal for lack of venue after jeopardy has attached does not bar re-prosecution of that offense." *United States v. Jones*, 302 F. Supp. 3d 752, 762-63 (W.D. Va. 2017)

---

[6] *Cf. United States v. Morrissey*, 895 F.3d 541, 551-52 (8th Cir. 2018) (noting that "this Court treats venue quite differently than the essential elements of an offense" and citing other Circuits); *Petlechkov*, 922 F.3d at 771 (holding that venue "is not an element of the underlying criminal offense"); *United States v. Redd*, 161 F.3d 793, 795-96 (4th Cir. 1998) ("[A]s long as the indictment provides the defendant with adequate notice of the charges against him and is sufficient to allow the defendant to plead it as a bar to subsequent prosecutions, a variance in proof at trial will not prejudice the defendant. . . . These notice-related concerns are not implicated when the alleged variance does not affect an essential element of the offense").

(granting Rule 29 motion on venue grounds, dismissing indictment without prejudice, and holding that government may re-prosecute offense in "a district where venue is proper"); *United States v. Hart-Williams*, 967 F. Supp. 73, 76 (E.D.N.Y. 1997) (noting that "it has been repeatedly held that a dismissal for lack of venue after jeopardy has attached does not bar re-prosecution of that offense"); Wayne R. LaFave et al., *Criminal Procedure* § 25.3(a) (3d ed. 2012) (observing that "a trial court's ruling that the prosecution's case-in-chief failed to establish venue, though framed as a judgment of acquittal, does not preclude retrial because venue is an element more procedural than substantive which does not go to culpability").

From the government's research, the federal Courts of Appeals have uniformly reached the same conclusion. In *United States v. Brunty*, the Eleventh Circuit held that if a Rule 29 motion "were granted solely due to improper venue, the government would not be prevented from retrying the case in a proper district." 701 F.2d 1375, 1380 n.12 (11th Cir. 1983), *cert. denied*, 464 U.S. 848 (1983). In *Wilkett v. United States*, 655 F.2d 1007, 1011 (10th Cir. 1981), the Tenth Circuit emphasized that "the workings of the jeopardy doctrine revolves around guilt or innocence," and that when the "accused himself brings about the termination of the proceedings on a basis other than adjudication of guilt or innocence, former jeopardy does not take hold." *Id.* at 1012. The court then held that double jeopardy did not apply where the government failed to establish venue because the "trial court did not reach the issue of guilt or innocence."

In *United States v. Kaytso*, the Ninth Circuit held that "the failure to establish venue does not go to guilt or innocence. . . . Under these circumstances, the dismissal cannot be considered an acquittal and so is not shielded by the double jeopardy clause." 868 F.2d 1020, 1021 (9th Cir. 1988) (internal citations omitted) (citing *United States v. Scott,* 437 U.S. 82, 100 (1978) (double jeopardy not implicated when the defendant "was neither acquitted nor convicted, because he himself successfully undertook to persuade the trial court not to submit the issue of guilt or innocence to the jury which had been empaneled to try him")). Earlier this year the Sixth Circuit dismissed a mail fraud indictment without prejudice because the government failed to establish venue at trial, holding that "dismissal on venue grounds does not qualify as an acquittal for double jeopardy purposes," adding that though "venue is a factual issue that the government must prove, it is not an element of the underlying criminal offense." *Petlechkov*, 922 F.3d at 771 ("In contrast, procedural dismissals unrelated to factual guilt or innocence do not implicate double jeopardy concerns." (citing *Evans v. Michigan*, 568 U.S. 313, 318 (2013)) (internal quotations omitted)). Even the Second Circuit in *Brennan*—the case on which Gaughan principally relies—dismissed the indictment without prejudice. *Id.*, 183 F.3d at 139.[7]

---

[7] Gaughan cites the Fifth Circuit's denial of an en banc petition and the Eighth Circuit's decision in *United States v. Greene*, 995 F.2d 793, 798 (8th Cir. 1993) for the proposition that there is a circuit split on whether double jeopardy precludes re-prosecution. The government disagrees with the contention that there is a circuit split. Neither the ruling on the petition nor the opinion in *Green* discuss double jeopardy. Both provide only that dismissal with prejudice is a remedy that is at the appellate court's disposal. *Cf. United States v. Stewart*, 256 F.3d 231, 235 (4th Cir.2001) (vacating conviction where venue was improper).

### III.  CONCLUSION

For the foregoing reasons, the Court should deny Gaughan's motion. Should the Court deny the motion, a draft jury instruction on venue is attached. To the extent the Court grants the motion, the Court should dismiss the charges without prejudice.

Very truly yours,

Robert K. Hur
United States Attorney

/s/ Jessica C. Collins
Jessica C. Collins
Assistant United States Attorney

/s/ Gregory Bernstein
Gregory Bernstein
Assistant United States Attorneys
